(No. 4495- )

JAMES MONROE KERNS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1953.*
*Petition of Respondent for rehearing denied May 12, 1953, Judge Fearer dissenting.*

FLESCHER AND TAYLOR, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

James Monroe Kerns, a resident of Taylorville, Illinois, 44 years old, and a trucker, filed his claim herein on February 13, 1952, to recover for personal injuries sustained in an accident in Taylorville, Illinois on January 5, 1952 at approximately 3:00 P.M.

The accident occurred at the intersection of State Route No. 48 with the County Building Road and Cheney Street in Taylorville, Illinois. Route No. 48 runs at that point in an easterly and westerly direction, and is a twenty foot concrete pavement with a fifty foot overall right-of-way. It is joined from the north by the County Building Road, which is a paved road, approximately four lanes in width. South of Route No. 48 the street is known as Cheney Street, and it is a combination gravel, oil and cinder street. The area, where the accident occurred, was under the control of, and was maintained by respondent.

On January 5, 1952, claimant, driving one of his own trucks, came from the north on the County Building Road, and, as he approached Route No. 48, came to a stop at the stop sign. He then shifted into gear,

and started across Route No. 48. As his wheels left Route No. 48, he hit a large hole in Cheney Street, which threw him into the top of his cab, onto the steering wheel, and back in the seat. He stated he was temporarily paralyzed in the legs, and that afterwards he was attended by Dr. James Lynch, and that he has a fractured or crushed herniated intervertebral disc in his back.

At the time of the accident the weather was clear, but it had been snowing, and the Cheney Street area, adjacent to the south edge of State Route No. 48, was in a freezing and thawing condition, and was covered with slush; and all holes in such area were filled with water and slush, and thereby concealed.

That there were holes in Cheney Street, starting at the south edge of State Route No. 48, is conceded by every witness in the case. The only fundamental difference in the testimony is as to the depth of the numerous holes.

The record contains numerous statements of witnesses, such as: "The front wheels fell off into a hole"; "The front wheels bounced out"; "I hit that hole"; "It was quite a hole"; "I said it (the hole) must be a dandy"; "It bounced me out of my seat"; "It was a nasty hole"; "We had put cinders there and there were some holes in it"; "They (the holes) dig out pretty fast"; "The shoulder was gouged out from time to time"; "I did notice that it had been very rough"; "I have bounced into the holes"; "I would say it was a little rough"; "There were several holes immediately adjacent with the intersection"; "It was quite rough and there were several holes at that particular intersection"; and, "It (the intersection) was rough. In the winter it digs out in holes."

Claimant measured the hole his truck hit, and found it to be twenty to twenty-four inches across, and fourteen to eighteen inches deep. Respondent's witnesses stated that the largest hole was only four to five inches deep, although none had actually made any measurements.

From the foregoing, we conclude that respondent was negligent in the maintenance of the area where the accident occurred, and that respondent had either actual knowledge, or should have had knowledge of the almost continuous deterioration of the area without regular, efficient maintenance. *Rickelman* vs. *State*, 19 C.C.R. 54. We further conclude that respondent's negligence was the proximate cause of the accident.

Any issue of claimant's contributory negligence was effectively removed from the case by reason of the following questions directed to him, and his answers thereto, to which no objection was made:

"Q. As you crossed there were you using due care and caution?

A. I went fourteen years without an accident. I think that will answer your question.

Q. On this occasion were you exercising due care and caution?

A. Yes, I was."

Claimant is, therefore, entitled to an award.

As to damages, it is undisputed that claimant has a disc injury; that he has had considerable pain; that he is required to wear a brace; that he cannot perform certain lifting operations; that he still operates his business, but, as before, others do most of the work; that the condition is permanent unless the disc is removed, and a spinal fusion accomplished, which is a major operation with a lengthy period of hospitalization

and convalescence; and, that claimant has incurred doctor and hospital bills of approximately $450.00.

In view of all the circumstances, we believe claimant is entitled to the sum of $5,000.00.

An award is, therefore, entered in favor of claimant, James Monroe Kerns, in the sum of $5,000.00.