(No. 77-CC-2225- )

ALLEN J. ROBERTSON, RICHARD A. ROBERTSON and LENORE A. ROBERTSON, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1983.*

ROBERT W. SCHMIEDER, for Claimants.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimants in this cause are Allen J. Robertson, Richard A. Robertson and Lenore A. Robertson. On September 18, 1977, Allen J. Robertson and his mother, Lenore A. Robertson, were involved in an accident on U.S. Route 66 (temporary Interstate 55) while driving north to Chicago. The accident took place 10 to 15 miles north of Pontiac, Illinois, near Odell, Illinois.

Allen J. Robertson was returning to school at Northwestern University. He, his mother, and another friend, Gary Willard, left the Belleville, Illinois, area at approximately 7:00 a.m. Allen J. Robertson was driving, his mother was seated in the front seat next to her son, and next to her was Garry Willard.

The car was in the right hand lane of a four-lane highway and was travelling at approximately 55 miles per hour. The driver suddenly noticed a large hole in the pavement and veered to his left to avoid the hole, which

he did. The car, however, skidded and in veering to the right, it left the roadway, hit a shoulder which sloped downward away from the highway, then left the shoulder and went into a ditch, striking a telephone pole.

The hole in question in the right hand lane of the highway was approximately eight inches deep, and 2 1/2 to 3 feet in diameter. There was evidence that an attempt had recently been made to patch this hole.

An employee of the State of Illinois, William Hoggins, who was in charge of highway maintenance on this portion of the highway, testified that this hole had been patched the previous Thursday, September 13. He testified it had been raining that day and they had to drive some distance to obtain a hot mix. Throughout this whole section of road, the State of Illinois was engaged in a program of permanent patching. The maintenance worker testified that on September 13 he could not do a permanent patching job on this particular hole because of the rain and that he did not cut out the sides and make them straight. He further stated he used a hot mix on this date but that it was not recommended with moisture in the ground, but stated he felt he could get by with it. He admitted that when you do a temporary patching it will fail within a short period of time. He further stated he went back to check on it on Friday, because he knew that this type of patching would fail.

A Joseph Marek, who was in charge of field maintenance, stated that when you do temporary patching, you use a cold mix. He testified when you use a hot mix, you use a roller, and when you use a cold mix, you tamp it or run your truck over it. However, on this hole, they used a hot mix, but tamped it contrary to accepted practice. Marek further testified that with reference to the shoulder, it was 12 feet wide, but as one went away from the concrete highway toward the ditch, the shoulder

itself dropped approximately 1 1/2 feet. Marek acknowledged that a roller is a better method of compacting a hot mix as opposed to tamping it down. He also admitted that there was a problem with this section of the road prior to September 18. Marek further testified that despite the fact there were known maintenance problems, there were no warning signs advising of the condition of the road or warnings to reduce speed, and that this section of the highway was in very poor condition.

The evidence shows that the day after the accident, the hole was temporarily patched with a cold mix. No one apparently knew how long the hole had been in existence. There were apparently no warning signs of the sloping shoulder, no warning signs to reduce speed, and no warning signs indicating the condition of the shoulder or the road.

As a result of the accident, Allen Robertson sustained damages to his bicycle and rack, valued at $60.00, Lenore Robertson sustained a cut on the lid of her eye, a broken toe and a bruised knee, and her total expenses were: ambulance, $78.20; hospital, $115.40; lodging, $59.09, Dr. Hipskind, $35.00; towing, $55.00; storage, $9.00; and lost wages, $555.00, and Richard Robertson stated his 1970 Ford automobile was completely destroyed and was valued at $2,000.00.

Richard Robertson testified that he was informed by Joseph Marek that when the State learned of this accident, they closed off this lane of the highway.

This Court has previously held that the State has a duty to maintain its streets in a reasonably safe condition. This Court has also held that the State has a duty to the public to exercise reasonable care in establishing, maintaining, and supervising its parks and highways. (See *Murray v. State*, 24 Ill.Ct.Cl. 399.) The State also has a

duty to warn of a danger that exists which could not be discovered by the public. See *Hansen v. State*, 24 Ill. Ct. Cl. 102.

There are several Court of Claims cases that have held the State to be guilty of negligence in maintaining highways, among the first being *Hoffman v. State*, 27 Ill. Ct. Cl. 111, where a missing stop sign was the proximate cause of the accident.

In *Kerns v. State of Illinois*, 21 Ill. Ct. Cl. 443, the State was held liable because it had actual constructive knowledge that the general area of the road was pockmarked with chuckholes. The same holding was made in *Scudiero v. State*, 26 Ill. Ct .Cl. 457. In *Sisco v. State*, (1963), 24 Ill. Ct. Cl. 306, this Court held that the State was liable for damages caused by a pothole even though the hole had been patched at least once. In this case, as the present case, Claimant's car fell into a pothole on a State road.

It is apparent to this Court that the State of Illinois was negligent in several ways:

1. It used a hot patch, or a hot mix, on a rainy day, when it was not recommended;

2. In using a hot patch, it had no roller to obtain compaction when it knew or should have known that compaction would have prevented deterioration of roadway;

3. It failed to warn of the condition of this roadway, although it had knowledge that this was a very dangerous section of highway due to potholes. It also failed to warn motorists to reduce their speed, and in fact, allowed them to maintain travel at the maximum speed limit of 55 m.p.h.;

4. It failed to warn of the condition of the shoulder

of the road, and failed to inspect the highway, even though it knew that it had applied a hot mix in rainy weather, and that it was subject to deterioration. It also negligently and improperly applied the hot mix by not cutting off the sides of the hole to smooth it out, since smooth sides prevent further deterioration; and

5. It failed to block off the highway.

This Court has held on many occasions that before the Claimant can recover, he must show that he was free from contributory negligence, that the State was guilty of negligence, and that Respondent's negligence was the proximate cause of the accident.

It is the opinion of this Court that Claimant was free from contributory negligence, that the State was guilty of contributory negligence, and that the State's negligence in failing to warn Claimant of the dangerous condition of the highway was the proximate cause of the accident.

Award is hereby entered in favor of Claimant, Allen J. Robertson in the amount of $60.00; Claimant, Richard A. Robertson in the amount of $2,000.00; and Claimant, Lenore A. Robertson in the amount of $1,500.00.